UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARON JAMES RASHARD,

    Petitioner,

vs.                                    Case No. 3:14-cv-1069-J-39JRK

SECRETARY, DOC, et al.,

    Respondents.

**ORDER**

Petitioner initiated this action by filing a pro se Petition (Petition) (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 2, 2014.[1] He challenges a 2010 state court (Duval County) judgment of conviction for sale of cocaine, burglary, dealing in stolen property, and false verification of ownership on pawnbroker transaction form. Respondents, in their Response to Petition for Habeas Corpus (Response) (Doc. 14),[2] argue that the Petition must be dismissed as untimely. Petitioner filed a Reply to the State's Response (Reply) (Doc. 18). See Order (Doc. 5).

---

[1] The Court gives pro se inmate petitioners the benefit of the mailbox rule, see Houston v. Lack, 487 U.S. 266, 276 (1988) (filed on the date he signed it and presumably handed it to prison authorities for mailing to this Court). In this instance, the Petition is dated September 2, 2014, and the certification of the date provided for mailing is September 2, 2014. See 28 U.S.C. § 2244(d).

[2] The Court hereinafter refers to the Exhibits (Docs. 14 & 15) submitted in support of the Response as "Ex."

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On November 18, 2009, Petitioner was charged by information with one count of sale or delivery of cocaine (case no. 2009-CF-14105). Ex. A at 1. He was also charged by information with burglary (structure/conveyance), dealing in stolen property, and false verification of ownership on pawnbroker transaction form (less than $300 received) (case no. 2009-CF-14106). Ex. B at 1-2. The state filed notices of intent to classify Petitioner as an habitual felony offender. Ex. A at 5; Ex. B at 8. Petitioner pled guilty to the charge of sale or delivery of cocaine. Ex. M. He entered into a negotiated plea of guilty to the remaining charges. Ex. B at 13-14.

Judgment was entered on August 4, 2010, and Petitioner was sentenced to fifteen years as a habitual felony offender in case no. 2009-CF-14105, and to concurrent terms of ten years each as a habitual felony offender, also concurrent to the fifteen-year sentence, in case no. 2009-CF-14106. Ex. A at 24-29; Ex. B at 15-22. Direct appeals were not taken. Thus, his judgment became final thirty days later on September 3, 2010. See Fla. R. App. P. 9.140(b)(3); Saavedra v. State, 59 So.3d 191, 192 (Fla. 3rd DCA 2011); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires).

Petitioner's one-year limitation period began to run on September 4, 2010, and ran until Petitioner filed his Motion to Correct Illegal Sentence Under Fla. R. Crim. P. 3.800(a) on November 29, 2010, pursuant to the mailbox rule. Ex. D. Thus, the limitation period ran for 86 days until that filing. The limitation period remain tolled until the mandate issued on April 26, 2011. Petitioner's one-year period began to run again on April 27, 2011. It expired on January 31, 2012.

Of note, although Petitioner filed motions seeking mitigation, modification or reduction of his sentence pursuant to Fla. R. Crim. P. Rule 3.800(c), these motions do not qualify as applications for collateral review and do not toll the limitations period. Ex. C. Baker v. McNeil, 439 F. App'x 786, 788-89 (11th Cir. 2011) (per curiam) (finding Rule 3.800(c) concerns only pleas for mercy and leniency, not collateral review, and distinguishing the Rhode Island statute at issue in Wall v. Kholi, 131 S.Ct. 1278 (2011)), cert. denied, 132 S.Ct. 1633 (2012). See Shanklin v. Tucker, No. 3:11cv357/RV/MD, 2012 WL 1398186, at *3 (N.D. Fla. March 21, 2012) (not reported in F.Supp.2d) (Report and Recommendation) (recognizing that "[i]n Baker, the Eleventh Circuit held that state court motion for discretionary sentence reduction pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure was not an application for state post-conviction or other collateral review, and thus petitioner's filing of such a motion did not toll the one-

year limitations period for filing a federal habeas petition."), report and recommendation adopted by Shanklin v. Tucker, No. 3:11cv357/RV/MD, 2012 WL 1396238 (N.D. Fla. Apr. 23, 2012).  As a result, there was no statutory tolling of the one-year statute of limitation by the filing of these Rule 3.800(c) motions.

Furthermore, Petitioner's September 1, 2011, Motion for Post-Conviction Relief; September 1, 2011, Memorandum of Law; September 12, 2011, Amended Motion for Post-Conviction Relief; and August 29, 2012, Motion to Supplement did not toll the limitation period.  The circuit court dismissed the combined four motions for exceeding the page limitation set forth in Rule 3.850(d) ("No motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good cause.").  Since the form of the motion was in violation of the page limitation rule, the motion was dismissed as noncompliant with the rules.  Only properly filed motions toll the limitation period.[3]  See 28 U.S.C. § 2244(d); Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These

---

[3] Petitioner apparently challenges the fairness of this interpretation because he is a pro se litigant and simply misinterpreted the state court filing rules. Reply at 2-3.  His pro se status, however, does not excuse his failure to file a timely petition in federal court.  Pro se representation alone is not a meritorious excuse and is insufficient to warrant equitable tolling. Johnson v. United States, 544 U.S. 295, 311 (2005).

5

usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."); Lewis v. Sec'y, Dep't of Corr., No. 3:13cv119/MCR/EMT, 2014 WL 4410064, at *5 (11th Cir. Sept. 8, 2014) (Not Reported in F.Supp.3d) (explaining that the limitations period ran untolled because the Rule 3.850 was "dismissed as noncompliant" for failure to comply with Florida's written oath requirement).

Again, the limitation period expired on January 31, 2012. Although Petitioner filed a Rule 3.850 motion for post conviction relief on January 9, 2013, this motion did not toll the federal one-year limitation period because it had already expired. Ex. G at 1-39. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert.

6

denied, 531 U.S. 991 (2000). Thus, this action was not timely filed.

Petitioner, in his Reply, contends that this Court's failure to address the merits of the Petition would result in a fundamental miscarriage of justice. Reply at 3. To invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence that was not available at the time of his trial. See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931-32 (2013). To do so, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Id. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1985)). This Court summarized the requirements to show gateway innocence:

> "An actual-innocence claim must be supported 'with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Milton v. Sec'y, Dep't of Corr., 347 Fed. Appx. 528, 530-31 (11th Cir. 2009) (quoting Schlup, 513 U.S. at 324, 115 S.Ct. 851). A "habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House, 547 U.S. at 538, 126 S.Ct. 2064. A court may also consider "how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." Id. at 537, 126 S.Ct. 2064 (quotation omitted).

7

Letemps v. Sec'y, Fla. Dep't of Corr., 114 F.Supp.3d 1216, 1221 (M.D. Fla. 2015).

Petitioner, however, points to no new evidence. Pursuant to Schlup and its progeny, Petitioner is required to offer new reliable evidence that was not available at the time of his trial. Petitioner has not presented any new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.

In conclusion, Petitioner does not assert or demonstrate that he has new evidence establishing actual innocence. Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, this case will be dismissed with prejudice as untimely.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition (Doc. 1) is **DISMISSED with prejudice.**

2.  The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3.  If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[4]  Because this Court

---

[4] If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

    4.    The **Clerk** shall close this case.

    **DONE AND ORDERED** at Jacksonville, Florida this 17th day of January, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 1/9
c:
Aaron James Rashard
Counsel of Record

---

constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after due consideration, this Court will deny a certificate of appealability.